## No. 8850.

### Orleans Appeal.

### W. ALEXANDER BAHNS v. ERNEST A. CARRERE CO., Appellant.

(May 11, 1925 Opinion and Decree.)
(Rehearing Refused. June 8, 1925)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Sales—Par. 155, 277.**
   A purchaser of real estate is not justified in suing for the restitution of purchase price and in refusing to accept title which is shown to be valid and translative of property, where the refusal is predicated upon· allegations by the purchaser that a minor's mortgage has been illegally erased by final judgment of Court, shown to be over ten year's duration, especially where the mortgage inscription upon the property is in the name of the tutor, whose author in title .has been dispossessed by valid tax sale for over twenty years, from the institution of suit by the present purchaser.

Appeal from Civil District Court for the Parish of Orleans, Div. "D", Hon. Porter Parker, Judge.

This is a suit for specific performance to compel defendant, as plaintiff's vendor, to convey to plaintiff a good and valid title to certain real estate, or, in the alternative, that defendant be condemned to restitute to plaintiff the full purchase price and certain over-payments.

Judgment for plaintiff. Defendant appealed. Judgment affirmed.

W. Alexander Bahns, H. L. Garland, H. L. Rhodes, Attorneys for Plaintiff and Appellant.

J. C. Henriques, Attorney for Defendant and Appellee.

BELL, J. This is a suit for specific performance to compel defendant, as plaintiff's vendor, to convey to plaintiff a good and valid title to certain real estate, or, in the

alternative, that defendant be condemned to restitute to plaintiff the full purchase price and certain over-payments. The contract sued upon is a certain lease or bond for deed. This is the third time that this case has been appealed by plaintiff to this Court. The first appeal was from a judgment maintaining an exception of no cause of action, which judgment was reversed on appeal and the case remanded for further trial. (No. 6620 Orl. App.—March 27, 1916). The second appeal was from a judgment condemning defendant to. transfer to plaintiff by deed the property described in plaintiff's petition. Upon the trial on the merits, had prior to this second appeal, plaintiff offered to file in evidence certain mortgage and conveyance certificates in the name of alleged previous ·owners of the property in question, which documents showed mortgages recorded against the said owners. To this offer, defendant interposed certain objections, which were maintained by the trial judge. This Court upon trial of the second appeal aforementioned, being of the opinion that the evidence was erroneously excluded ·by the trial judge, reversed and annulled the judgment appealed from and again remanded the case for further and second trial on the merits. (No. 7790 Orl. App.—April 19, 1920).

The case is now before this Court on appeal taken by plaintiff from a judgment by which, for the second time, defendant is ordered to convey to plaintiff by deed the property referred to in the petition, which property is more particularly described as:

"Two certain lots of ground, in the Third District of this City, designated as lots nine and ten of square 1583, which is bounded by Industry, Annette, Allen and Duels Streets, on a plan made by C. Uncas Lewis, deputy city surveyor, dated January 14th, 1909, a blue print of which plan is annexed and made part of an act of sale from Ernest A. Carrere Company, Limited, to Joseph Capital, as per act passed before Pierre D. Olivier, Notary Public, dated August 13th, 1914, and which lots measure as follows:

"Lot No. nine (9) measures Thirty-Two (32) Feet front on Industry St., by a depth of One Hundred and Fourteen (114) Feet, Eleven (11) Inches and three lines; Lot No. Ten (10) adjoins Lot No. Nine, and measures Thirty-Two (32) Feet front on Industry St., by a depth and front of One Hundred and Fourteen (114) Feet, Eleven (11) Inches and three lines on Annette St., and forms·the corner of Industry and Annette Sts.

The title of defendant herein to the property above described is set up by deeds found in the record before us and duly offered by defendant at the last hearing of this case in the District Court. From this evidence the following chain of title is established:

Charles H. Gans purchased the entire square of ground on which the lot in dispute is one of the lots·by an Auditor's deed, dated January 21, 1903, which Auditor's deed is registered in C. O. B. 191, Folio 184, on February 27, 1903.

Charles H. ·Gans sold the whole square to Samuel Hyman by act before John Watt, notary public, May 10, 1906, registered in C. O. B. 204, Fol. 668.

Samuel Hyman sold the square of ground to Ernest A. Carrere by act before Joseph Sinai, notary public, October 29, 1907, registered in C. O. B. 216, Fol. 306.

Ernest A. Carrere sold the square of ground to Ernest A. Carrere Company, Ltd., by act before J. C. Henriques, notary public, January 7, 1909, registered in C. O. B. 223, Fol. 502.

The Carrere Company, the defendant herein, appears to have been in posssesion and to have owned the property ever since.

It is averred in the first and second supplemental petitions filed in these proceedings that defendant acquired the property involved herein from Washington J. Tracey, by act under private signature, dated April 24, 1911, and· duly acknowledged be-

fore A. H. Frerichs, notary public, of Cuyohoga County, Ohio, and registered in the Conveyance Office for the Parish of Orleans, Book 345, Folio 269; that Washington J. Tracey acquired from William P. Tracey and Thomas Boylan Tracey, by act before J. B. Rosser, Jr., notary public, dated June 20, 1910, and registered in the Conveyance Office for the Parish of Orleans, Book 237, Folio 551; that at the time Washington J. Tracey sold to defendant there was a general mortgage recorded against Washington J. Tracey on all of the property within the Parish of Orleans, this mortgage having resulted from Tracey's qualification as tutor of the minors Elitia Tracey et al., in the proceeding No. 74,437 of the Civil District Court for the Parish of Orleans, this general mortgage being recorded in Book 785, Folio 55, of the Mortgage Office of said Parish.

It is further averred that not only this minor's mortgage but other mortgages and judgments recorded against Washington J. Tracey and William P. Tracey, curator of the interdict, James D. Tracey, are outstanding and bearing against the property as described, and that same constitute encumbrances which render the title invalid and non-acceptable to plaintiff.

It is further alleged that on April 26, 1912, almost a year after the purchase of the property by defendant, that a rule was taken by defendant in the Civil District Court for the Parish of Orleans, in the aforesaid matter of the minors Elitia Tracey et al., No. 74,437, C. D. C., to cancel and erase the various inscriptions recited by plaintiff, and that a judgment was accordingly rendered by the Court, on May 3, 1912, directing such cancellations, but that said judgment was irregular, null and void and without effect, and that, therefore, the title to said property is still encumbered with all of said mortgages.

Defendant answers the original and supplemental petition by admitting the contract of lease or bond for deed sued upon, but sets up its claim of title as hereinabove noted, and avers that it is willing and ready to take the property referred to in said title and has already offered to sign an act of sale conveying same, but that plaintiff has refused.

It further answers by denying all other allegations of plaintiff's supplemental petitions, and particularly does it deny that it ever purchased the property from Washington J. Tracey, or that the said Tracey or James D. Tracey or William P. Tracey ever owned said property or any part thereof.

It is further averred that the defendant and defendant's vendors have had continual possession of this property since its sale by the State of Louisiana to one Gans, on January 21, 1903; that the property in question was vacant, unimproved property when sold to Gans and still is such, and that defendant has been in actual physical possession for over ten years.

It is further averred that any alleged transfers which Washington J. Tracey, James D. Tracey or William P. Tracey may have made of such property, were not conveyances but quit claims, the money consideration for which was paid to Washington J. Tracey and others in compromise of a certain suit by said party or parties against defendant.

It is finally alleged that no general mortgages were of record against Washington J. Tracey at the time that he and one Carrere and the defendant entered into compromise with and received quit claim from Tracey, but that even if such were the facts, that said mortgage could not affect the present property because Washington J. Tracey had no interest therein.

It is finally denied that the judgment cancelling all mortgages referred to by plaintiff was null and void, but that, on the contrary, same was valid and cannot be attacked collaterally.

While the judgment appealed from is in favor of plaintiff, who is appellant, it is evident from the supplemental pleadings in this case that appellant is seeking by appeal to avoid acceptance of the property, which defendant has been directed by the judgment to transfer to him, and now desires a judgment declaring the title tendered to be an invalid title and directing a restitution of the purchase price to plaintiff. We find that while the allegations in plaintiff's supplemental petitions to the effect that defendant acquired from Washington J. Tracey the property in question by deed under private signature, dated April 24, 1911, is a fact substantiated by a certified copy of said deed offered in evidence, it is nevertheless true, as averred by the defendant, that this deed can be considered only as a quit claim deed given by Tracey to defendant in compromise and settlement of a certain petitory action brought by Washington J. Tracey et al. against Ernest A. Carrere Company (defendant herein), No. 95,593 of the docket of the Civil District Court for the Parish of Orleans, and that the consideration mentioned in the aforesaid deed was not one given in payment of any property, but as a means of affecting the compromise by which said petitory action was dismissed on motion of plaintiffs.

It appears that after the Carrere Company had purchased the property now involved in this suit, Washington J. Tracey and others filed suit to be declared the owners of this property, said suit being the petitory action just noted.

It also appears that William P. Tracey and Thomas B. Tracey likewise executed a deed purporting to transfer the property to the defendants herein by act before J. B. Rosser, Jr., notary public, dated June 20, 1910, and rgistered in the Conveyance Office for the Parish of Orleans, Book 237, Folio 551. This deed, as well as the one

of April 24, 1911, was given by the parties mentioned as a quit claim deed, in consummation of a compromise or settlement of the suit No. 95.593, C. D. C., aforementioned. The fact that this suit was compromised and Washington J. Tracey and others really executed a quit claim, is shown by a certified copy of an act passed before J. B. Rosser, Jr., notary public, bearing date August 2, 1922, and registered in the Conveyance Office of the Parish of Orleans, Book 224, Folio 464. This deed was offered by plaintiff and shows that so far as the suit of the interdict, James D. Tracey, was concerned, who was one of the plaintiffs in the aforementioned petitory action, that a family meeting was held authorizing the curator to compromise said suit and to accept the consideration mentioned in said Act, to-wit: $125.00.

It is contended by the plaintiff that at the time of these two transfers by Washington J. Tracey and others to the defendant, a minor's mortgage was outstanding against the property in favor of Elitia Tracey and other minors, whose tutor was Washington J. Tracey, and that said minor's mortgage was recorded against the property on October 5, 1904, in the Mortgage Office of the Parish of Orleans, Book 785, Folio 55, with the result that the defendant acquired said property burdened with this minor's mortgage, as well as other incumbrances recorded against the said property, not necessary to be here enumerated.

But defendant contends that all of these mortgages were duly cancelled in the matter of the minors Elitia Tracey and others, No. 74,437 of the docket of the Civil District Court for the Parish of Orleans, by virtue of a judgment rendered therein, on the 3rd day of May, 1912. Plaintiff answers this contention, as already noted in discussing the pleadings herein filed, by the argument that the judgment of cancellation

was null and void for the following reasons:

1.—That defendant had no authority in law to authorize the cancellation and erasure of said mortgages.

2.—That there was no service made of a rule on the defendants to cancel said mortgages.

3.—That there was no valid judgment rendered, as there were no reasons for judgment, oral or written.

4.—That there was no evidence offered authorizing the cancellation of said mortgages; and

5.—That Washington J. Tracey, who sold the property to the defendant, burdened with such mortgages, could not have cancelled same without rendering an account of his tutorship to the minors and of his curatorship to the interdict, James D. Tracey, and without giving a special mortgage in lieu of the general mortgage authorized by the family meeting and homologated by court, none of which was done, and that William P. Tracey, later a curator of James D. Tracey, the interdict, could not have likewise cancelled said mortgages without due compliance with law.

These objections are met by contention of defendant that however irregular the proceedings may have been, that they cannot be collaterally attacked by petitioner, and that they relate to mortgages and encumbrances which could never have in fact borne on the property, for the reason that their author in title and heir, Michel O. Tracey, was disposed of such property in 1885, when same was sold for taxes due the State of Louisiana, and that defendant's author in title, Charles H. Gans, acquired said property by auditor's deed under which the tax. sale originally arose, said Gans having been vested with said property by auditor's deed January 21, 1903.

We find from the record before us that the property was sold at tax sale, as contended by defendant, and that same, as a matter of law, is quieted by Article 233 of the Constitution of 1898. It follows from these facts and our appreciation of the law that Washington J. Tracey and other heirs of Michael O. Tracey, were dispossessed of all right, title and interest in said property by virtue of the tax sale by which said property was adjudicated to the State of Louisiana on March 7, 1885. It likewise follows that whatever mortgages or encumbrances may have been recorded against said property in the name of any of the heirs of Michael O. Tracey subsequent to the acquisition of Charles H. Gans, under auditor's deed January 21, 1903, they are of no effect, and cannot justify defendant in rejecting the title because of such encumbrances. It likewise follows that any of the proceedings, however irregular, in relation to the judgment of cancellation entered in the matter of the minors, Elitia Tracey and others, may be disregarded, and can in no manner throw a cloud upon the title now under consideration.

The property is vacant property and the title now offered by defendant goes back to the deed in 1903, over twenty-two years ago.

Article 2443 of the Civil Code reads as follows:

"He who is already the owner of a thing cannot validly purchase it. If he buys it through error, thinking it the property of another, the act is null, and the price must be restored to him."

In the light of the foregoing Article, even if the defendant may be said to have purchased the property under the quit claim deeds aforementioned and, therefore, to have taken same with the mortgages aforementioned, the fact is plainly established by the evidence that at the time of said deed, the defendant was the owner of the property now in dispute, and, therefore, he could not. have purchased it from Washington J. Tracey or the other Tracey while burdened with encumbrances which might have arisen from the minor's mortgage or other obligations outstanding against Wash-

ington J. Tracey and William P. Tracey, tutor and curator, respectively.

In conclusion, we find that the irregularities pleaded in respect to the judgment of May 3, 1912, recording the cancellation of the mortgages in question, are not well founded, for the reason that a certified copy of the judgment offered in these proceedings shows that in the rule to cancel, Washington J. Tracey and William P. Tracey, individually and as tutor and curator, respectively, were made parties to the rule and were present in court at the rendition of the judgment, as was the Recorder of Mortgages for the Parish of Orleans and other parties to the rule. Furthermore, defendant has offered and filed in the record a certified copy of a certificate from the Recorder of Mortgages for the Parish of Orleans, in which it is shown that by recordation of said judgment all of the aforesaid mortgages have been erased on the books of said Mortgage Office as of date December 19, 1921.

For the reasons hereinabove noted, we can find no error in the judgment which directs that the defendant shall convey to plaintiff, by valid deed and title, the property here involved. It appears, however, that the judgment provides for payment by defendant to plaintiff the sum of $6.00. This amount should be increased from $6.00 to $26.90, admitted by the defendant in its answer to the supplemental petition herein filed to be · due as over-payments on the purchase price of said property.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended so as to increase the money award therein stipulated from the sum of $6.00 to $26.90, with legal interest on said amount from December 18, 1909, until paid, and, as thus amended, that the judgment appealed from be affirmed, costs of this appeal to be borne by the appellant.